IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK WILKERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:24-cv-3175-S-BN |
| | § | |
| DALLAS COUNTY, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This 28 U.S.C. § 2254 habeas action was opened based on a *pro se* filing submitted by Senrick Wilkerson styled as a complaint against a Dallas County prosecutor. *See* Dkt. No. 2.

The presiding United States district judge referred Wilkerson's action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Through the construed habeas petition, Wilkerson requests "that an immediate investigation be launched and that charges be brought against" individuals (judges, prosecutors, his former attorneys, and police officers) associated with prior prosecutions of Wilkerson in state court. Dkt. No. 2 (referencing F10-01182, F10-01183, F10-01184, and F10-01185 and alleging that he "was never once arrested and never once arraigned in cause numbers F10-01183 or F10-01184 but illegally tried and wrongfully convicted for both sex charges on December 17, 2010").

Based on the relief that Wilkerson seeks – an investigation – this action should

have been opened as a civil action under 42 U.S.C. § 1983, not as a habeas proceeding.

"Which statutory vehicle to use" – Section 2254 or Section 1983 – "depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) ("[T]he principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" (quoting *Skinner*, 562 U.S. at 525)).

In *Skinner*, the United States Supreme Court, "adhering to" *Dotson*, held "that a postconviction claim for DNA testing is properly pursued in a § 1983 action," reasoning that "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner*, 562

U.S. at 525.

"In no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'" *Id.* (quoting *Dotson*, 544 U.S. at 81).

This rationale applies equally to the extent that Wilkerson requests an investigation into his allegations.

And, to the extent that Wilkerson brings claims under Section 1983, such claims are not cognizable because their substance turns on state criminal convictions that Wilkerson has yet to successfully challenge. *See, e.g.*, *Wilkerson v. Stephens*, No. 3:14-cv-476-P-BK, 2015 WL 1005329 (N.D. Tex. Mar. 5, 2015) (denying federal habeas relief and noting that Wilkerson "was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of child, and was sentenced to 8 years' imprisonment for each offense" and that "[t]he Texas Court of Criminal Appeals denied [his] state habeas applications without a written order" (citing *State v. Wilkerson*, Nos. F08-60213, F10-01183, & F10-01184 (Crim. Dist. Court No. 3, Dall. Cnty., Tex., Dec. 17, 2010), *aff'd*, Nos. 05-11-00060-CR, 05-11-00061-CR, 05-11-00062-CR, 2012 WL 2877623 (Tex. App. – Dallas July 16, 2012, pet. ref'd); *Ex Parte Wilkerson*, WR-77,138-14 & -15. (Tex. Crim. App. Sep. 11, 2013))); *In re Wilkerson*, Nos. 05-16-00043-CV, 05-16-00044-CV, 05-16-00045-CV, 05-16-00046-CV, 2016 WL 308658, at *1 (Tex. App. – Dallas Jan. 26, 2016) (explaining that Wilkerson "was convicted of sexual performance by a child (F10-01183-J) and sexual assault of a child (F10-01184-J)"; that "he was charged with sexual performance of a child in trial court cause number F10-01182-J and compelling prostitution in trial court cause number

F10-01185-J"; but that these two "indictments [were] dismissed on the State's

motion" (citations omitted)).

And, so, Wilkerson "demands relief [currently] barred by *Heck v. Humphrey*,"

512 U.S. 477 (1994), and therefore "fails to state a claim," *Ray v. Recovery Healthcare*

*Corp.*, No. 22-10303, 2022 WL 16945898, at \*2 (5th Cir. Nov. 15, 2022) (per curiam)

(citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

That is because a Section 1983 claim that "falls under the rule in *Heck* is legally

frivolous unless the conviction or sentence at issue has been reversed, expunged,

invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102

(5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

[i]t is well settled under *Heck* that a plaintiff who has been convicted of
a crime cannot recover damages for an alleged violation of his
constitutional rights if that "violation arose from the same facts
attendant to the charge for which he was convicted, unless he proves
'that his conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a
federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d

391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v.*

*Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court

held that if a plaintiff's civil rights claim for damages challenges the validity of his

criminal conviction or sentence, and the plaintiff cannot show that such conviction or

sentence has been reversed, invalidated, or otherwise set aside, the claim is not

cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

*Heck* generally applies to claims for damages, but it applies equally where a suit seeks injunctive relief. *See, e.g.*, *O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at \*2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at \*2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at \*2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)). In other words, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

In sum, because Wilkerson fails to show that the criminal convictions that underly his construed civil claims have been reversed, invalidated, set aside, or otherwise resolved in his favor, the claims asserted here – calling those convictions into question – are currently subject to the rule in *Heck* and thus not cognizable. *Cf. Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (A *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That

is, a *Heck* dismissal is a dismissal without prejudice." (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc))).

## Recommendation

The Court should summarily dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE